UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

GARY LESSOR,

    Plaintiff,

v.                                                          Case No. 5:25-cv-19-TKW-MJF

MANAGEMENT AND TRAINING
CORPORATION, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Upon review of Plaintiff's complaint, the undersigned recommends that this action be dismissed as malicious, under 28 U.S.C. § 1915A(b)(1), for Plaintiff's failure to disclose honestly and accurately his litigation history.

### I. BACKGROUND

Plaintiff is a prisoner—as defined by the Prison Litigation Reform Act of 1995 ("PLRA") Pub. L. No. 104-134, 110 Stat. 1321 (1996)—and currently confined at the Central Florida Reception Center. His Florida Department of Corrections inmate number is "U13017." Doc. 1 at 1. As discussed more fully below, Plaintiff has had three cases dismissed by

Page 1 of 12

federal courts for reasons that constitute a "strike" under 28 U.S.C. § 1915(g).

## II. DISCUSSION

### A. Screening Under the PLRA

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). "An action is malicious when a prisoner misrepresents his litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process." *Burrell v. Warden I*, 857 F. App'x 624, 625 (11th Cir. 2021). This is true "regardless of whether the Plaintiff's response to the question was knowing or intentional." *Ballard v. Broling*, No. 22-12651, 2023 WL 6799147 at *1 (11th Cir. Oct. 16, 2023). Pursuant to a district court's screening obligation under the PLRA, federal courts are required to dismiss a prison's civil action when it is frivolous, is malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1).

B.   **Plaintiff's Disclosures**

Section VI of the complaint form utilized by Plaintiff seeks information regarding Plaintiff's prior litigation in state and federal courts. The complaint form advises that "FAILURE TO DISCLOSE **ALL PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.**" Doc. 1 at 6. (emphasis in original). The complaint form then asks four questions:

> A.   Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
>
> B.   Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?
>
> C.   Have you initiated other actions . . . in **either state or federal court** that relate to the fact or manner of your incarceration, including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?
>
> D.   "Have you ever had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service?

*Id.* at 6–8. Plaintiff responded, "Yes" to Question A, and disclosed a civil case that he filed in a Florida court. *Id.* at 6. In response to Questions B, C, and D, Plaintiff responded, "No," and did not disclose any cases. *Id.* at 6–8.

At the end of the complaint, Plaintiff signed his name after the following statement: "I declare under penalty of perjury that the foregoing (including continuation pages) is true and correct." *Id.* at 11. That is, Plaintiff asserted under the penalty of perjury that he had never filed a federal lawsuit—much less had a federal case dismissed for a reason that constitutes a strike under 1915(g)—prior to commencing this lawsuit.

C. **Plaintiff's Omissions**

The undersigned takes judicial notice that when Plaintiff filed his complaint, Plaintiff failed to disclose that he filed the following three civil rights cases in the United States District Court for the Middle District of Florida:

- *Lessor v. Dean*, No. 5:09-cv-465-JES-GRJ (M.D. Fla.) (dismissed Feb. 26, 2010) (civil rights action dismissed for failure to state a claim).

- *Lessor v. King*, No. 5:09-cv-507-SDM-GRJ (M.D. Fla.) (dismissed Mar. 22, 2010) (civil rights action dismissed for failure to state a claim).

- *Lessor v. Stanciel*, No. 5:09-cv-526-Oc-17GRJ (M.D. Fla.) (dismissed Mar. 22, 2010) (civil rights action dismissed for failure to state a claim).

Each of these cases is attributable to Plaintiff because each bears his FDC inmate number "U13017." Each of these federal actions was dismissed for failure to state a claim upon which relief can be granted. Therefore, they were each responsive to Questions C and D on the complaint form.

Because Plaintiff failed to disclose these cases in his complaint, Plaintiff violated his duty of candor to the District Court. *See Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) (noting that *pro se* litigants "owe the same duty of candor to the court as imposed on any other litigant").

D. **The Materiality of Plaintiff's Omissions**

Courts have recognized that information regarding a plaintiff's litigation history is useful to federal courts:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the [PLRA]; it allows consideration of whether the action is related to, or otherwise should be considered in

> conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the [PLRA].

*Spires v. Taylor*, No. 3:00-cv-249-RH, Order of Dismissal, Doc. 10 (N.D. Fla. Oct. 27, 2000). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous." *In re Epps*, 888 F.2d at 969; *see Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001) (noting that, in assessing frivolousness, courts may consider "a litigant's history of bringing unmeritorious litigation"). Additionally, because prisoner-plaintiffs generally proceed *pro se*, information regarding a plaintiff's litigation history assists district courts in determining the plaintiff's experience and familiarity with the legal terrain.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) (per curiam); *In re Martin-Trigona*, 737 F.2d 1254, 1261–62 (2d Cir. 1984). Courts also have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial

machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to divulge their record of litigation serves all of these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts may require prisoner-plaintiffs to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them").

The time that district courts are required to expend to verify the cases a plaintiff has filed but failed to identify can be considerable. This is especially true in this case where a plaintiff has filed a substantial number of cases. When courts cannot rely on the statements or responses made by parties, the quality of justice is threatened. Courts, therefore, cannot tolerate false or misleading responses in pleadings or motions.

Here, Plaintiff falsely responded to questions on the complaint form as detailed above. Plaintiff knew from reading the complaint form that he was required to disclose all prior cases and appeals. Doc. 1 at 6. He also was aware that the penalty for failing to disclose his prior litigation

history was dismissal. *Id.* ("NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.").

There is no excuse for Plaintiff's failure to respond truthfully to the questions on the complaint form. The questions were straightforward and easily understandable. *See Kendrick*, 2022 WL 2388425, at *3 (noting that the questions on the court-form are not complicated and a plaintiff's *pro se* status was not an excuse for failing to honestly answer the straightforward questions).

Furthermore, it is Plaintiff's responsibility to ensure that he has a list of his litigation history, including whether he has had had any case dismissed as a strike. *Washington v. Dyas*, 5:22-CV-285-TKW-MJF, 2023 WL 359508, at *1 (N.D. Fla. Jan. 23, 2023). If he did not have the information, he could (and should) have requested it from the appropriate clerks' offices before filing a new case. *Id.*; *see* Fed. R. Civ. P. 11(b)(3) (By signing and presenting a pleading to the court, an "unrepresented party certifies that to the best of the person's knowledge, information, and belief, *formed after an inquiry reasonable under the circumstances* . . . the factual contention have evidentiary support.") (emphasis added).

But even assuming Plaintiff could not remember these cases or was unsure whether to disclose them, Plaintiff was required to indicate that on the complaint form. Doc. 1 at 6 ("IF YOU ARE UNSURE OF ANY PRIOR CASE YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL). He did not. Rather, he affirmatively and falsely stated that he had never filed a federal lawsuit and had never incurred a strike under section 1915(g)

Accordingly, a penalty is warranted both to deter Plaintiff from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp. 1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to the questions on the civil rights complaint form is conduct subject to sanctions by the court.").

E.   **The Appropriate Sanction is Dismissal Without Prejudice**

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears v. Haas*, 509 F. App'x 935, 936 (11th Cir. 2013). Federal courts cannot let false responses to go unpunished.

Dismissal without prejudice is an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the District Court with true statements or responses. *Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence. It would invite other prisoners to omit their litigation history, thus draining the judicial system's time and resources."). Because Plaintiff alleges that the misconduct giving rise to his section 1983 claims occurred between August 27, 2024, and December 2, 2024, Florida's four-year statute of limitations likely would not preclude Plaintiff from refiling this action in the near future. *Shelton v. Rohrs*, 406 F. App'x 340, 341 (11th Cir. 2010).

## F.  No Lesser Sanction Would Suffice

No lesser sanction would suffice to deter plaintiff's conduct. For example, providing Plaintiff an opportunity to amend his complaint to disclose the previous lawsuits would equate to overlooking his mendacity and his abuse of the judicial process, because that course of action would entail no penalty. *Young v. Sec'y for Dep't of Corr.*, 380 F. App'x 939, 940–41 (11th Cir. 2010) (holding that district court did not abuse its discretion by denying leave to amend the complaint so that the plaintiff could

disclose lawsuits that should have been disclosed initially); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) ("[T]he district court was correct to conclude that to allow [the plaintiff] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process."). Insofar as Plaintiff already is incarcerated, a mere admonition or a finding of contempt would not deter Plaintiff or other prisoners from making false representations to the court. Dismissal without prejudice would serve as a warning to Plaintiff and others that future misrepresentations to courts might result in more substantial sanctions. *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994).

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this case without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for maliciousness and abuse of the judicial process; and

2. **DIRECT** the clerk of the court to close this case.

At Panama City, Florida, this 7th day of April, 2025.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**